## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

RUSSELL WAYNE SKAGGS,   )
           )
   Petitioner,   )
           )
  v.        )   No. 4:12CV203 RWS
           )
STATE OF MISSOURI,    )
           )
   Respondent.   )

### MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, a state pretrial detainee, has filed this habeas corpus application to challenge a state court civil paternity action entered by Jefferson County, Missouri, finding petitioner legally responsible for certain child support payments. See Missouri v. Russell W. Skaggs, No. 23CV193-4391 (1995). Because the state civil court action is not cognizable on habeas review, this action will be summarily dismissed.

### Background

Petitioner is a state pretrial detainee currently being held for a competency evaluation at Fulton State Hospital. From the records available to the Court, it appears he is awaiting trial on state charges of assault, armed criminal action, stealing a motor vehicle and violation of a child support order. Petitioner has

recently filed several applications for writs of habeas corpus before this Court, pursuant to 28 U.S.C. § 2241, alleging that his speedy trial rights have been violated.  See Skaggs v. Wood, 4:11CV2220 HEA (E.D. Mo.); Skaggs v. Wood, 4:11CV2190 SNLJ (E.D. Mo.); Skaggs v. State of Missouri; 4:12CV220 SNLJ (E.D. Mo.); and Skaggs v. State of Missouri; 4:12CV176 JAR (E.D. Mo.).  In each of these cases, the Court has denied petitioner's request for habeas corpus relief, finding that the grounds raised by petitioner did not constitute the "special circumstances" required for a finding that he had exhausted his available state remedies.

In the instant petition before the Court, petitioner is seeking a ruling from this Court overturning the finding of paternity, as well as the assessment of a child support arrearage.  Petitioner is asserting that the DNA testing used in the state court civil action was inaccurate, and he asserts that he was the subject of a conspiracy to destroy his constitutional rights.

## Discussion

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

-2-

Case: 4:12-cv-00203-RWS   Doc. #:  6   Filed: 04/25/12   Page: 3 of 4 PageID #: 32

Petitioner is challenging the civil court paternity judgment against him which found him to be the legal father of the child in question and assessed against him a child support arrearage.  What petitioner is not challenging is the fact of his current custody or the validity of the state court's judgment that has placed him in custody.  Rather, he seeks to have this Court overturn a state civil court judgment through the mechanism of habeas corpus.  This he cannot do.[1]

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law."); Watts v. Bonneville, 879 F.2d  685, 687 (9th

---

[1]Even if petitioner had brought this action pursuant to 42 U.S.C. § 1983 alleging violations of due process in the civil action, his claims would still be subject to dismissal for lack of jurisdiction.  Under the domestic relations exception, this Court lacks jurisdiction over the subject matter of this case, i.e., child support and child custody.  See Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody."); Lannan v. Maul, 979 F.2d  627, 631 (8th Cir. 1992) ("child support obligations [are] within the domestic relations exception domain").  As a result, this action would be subject to dismissal pursuant to Rule 12(h)(3) of th Federal Rules of Civil Procedure.

-3-

Cir. 1989) (alleged violation of state sentencing statute not cognizable in federal habeas proceedings).  Furthermore, a state prisoner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

Simply put, petitioner's request for review of a state court paternity action is not cognizable on habeas corpus review.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus is **DENIED**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2012.

-4-